UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBBIE OHMAN,<br><br>Plaintiff,<br><br>v.<br><br>ANDREW SAUL, Commissioner of Social Security,<br><br>Defendant. | No. 2:16-cv-2722-JAM-EFB<br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff moves for an award of attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1). ECF No. 24. She seeks attorney fees in the amount of $9,707.45 based on 40.6 hours of work performed by attorney Andrew Koenig and 8.8 hours of work performed by associate attorney Gwen Jones at rates ranging from $192.68 to $196.79 per hour.[1] *Id.* at 10-11. She also seeks $400.00 in costs. *Id.* at 11. Defendant argues that plaintiff is not entitled to reasonable attorney fees under the EAJA because the Commissioner's position was substantially justified. ECF No. 26 at 1-2. Alternatively, she argues that the number of hours sought is unreasonable and should be reduced accordingly. *Id.* As explained below, the Commissioner's position was not substantially justified, and it is recommended that plaintiff's motion be granted.

---

[1] Plaintiff seeks an hourly rate of $192.68 for work performed in 2016, and $196.79 for work performed in 2017 and 2018. ECF No. 24 at 10-11.

1

I.      Substantial Justification

The EAJA provides that a prevailing party other than the United States should be awarded fees and other expenses incurred by that party in any civil action brought by or against the United States, "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1). "[T]he 'position of the United States' means, in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based." *Gutierrez v. Barnhart*, 274 F.3d 1255, 1259 (9th Cir. 2001) (citing 28 U.S.C. § 2412(d)(2)(D) and *Comm'r INS v. Jean*, 496 U.S. 154, 159 (1990) (explaining that the "position" relevant to the inquiry "may encompass both the agency's prelitigation conduct and the [agency's] subsequent litigation positions")). Therefore, the court "must focus on two questions: first, whether the government was substantially justified in taking its original action; and, second, whether the government was substantially justified in defending the validity of the action in court." *Kali v. Bowen*, 854 F.2d 329, 332 (9th Cir. 1988). The burden of establishing substantial justification is on the government. *Gutierrez*, 274 F.3d at 1258 (9th Cir. 2001).

A position is "substantially justified" if it has a reasonable basis in law and fact. *Pierce v. Underwood*, 487 U.S. 552, 565-66 (1988); *United States v. Marolf*, 227 F.3d 1156, 1160 (9th Cir. 2002). Substantially justified has been interpreted to mean "justified to a degree that could satisfy a reasonable person" and "more than merely undeserving of sanctions for frivolousness." *Underwood*, 487 U.S. at 565; *see also Marolf*, 277 F.3d at 161. The mere fact that a court reversed and remanded a case for further proceedings "does not raise a presumption that [the government's] position was not substantially justified." *Kali*, 854 at 335; *see also Lewis v. Barnhart*, 281 F.3d 1081, 1084-86 (9th Cir. 2002) (finding the defense of an ALJ's erroneous characterization of claimant's testimony was substantially justified because the decision was supported by a reasonable basis in law, in that the ALJ must assess the claimant's testimony and may use that testimony to define past relevant work as actually performed, as well as a reasonable basis in fact, since the record contained testimony from the claimant and a treating physician that cast doubt on the claimant's subjective testimony); *Le v. Astrue*, 529 F.3d 1200, 1201-02 (9th Cir.

2

2008) (finding that the government's position that a doctor the plaintiff had visited five times over three years was not a treating doctor, while incorrect, was substantially justified since a nonfrivolous argument could be made that the five visits over three years were not enough under the regulatory standard especially given the severity and complexity of plaintiff's alleged mental problems).

However, when the government violates its own regulations, fails to acknowledge settled circuit law, or fails to adequately develop the record, its position is not substantially justified. *See Gutierrez*, 274 F.3d at 1259-60; *Sampson v. Chater*, 103 F.3d 918, 921-22 (9th Cir. 1996) (finding that the ALJ's failure to make necessary inquiries of the unrepresented claimant and his mother in determining the onset date of disability, as well as his disregard of substantial evidence establishing the same, and the Commissioner's defense of the ALJ's actions, were not substantially justified); *Flores v. Shalala*, 49 F.3d 562, 570, 572 (9th Cir. 1995) (finding no substantial justification where ALJ ignored medical reports, both in posing questions to the VE and in his final decision, which contradicted the job requirement that the ALJ deemed claimant capable of performing); *Corbin v. Apfel*, 149 F.3d 1067, 1053 (9th Cir. 1998) (finding that the ALJ's failure to determine whether the claimant's testimony regarding the impact of excess pain she suffered as a result of her medical problems was credible, and whether one of her doctors' conduct, were not substantially justified); *Crowe v. Astrue*, 2009 WL 3157438, *1 (E.D. Cal. Sept. 28, 2009) (finding no substantial justification in law or fact based on ALJ's improper rejection of treating physician opinions without providing the basis in the record for so doing); *Aguiniga v. Astrue*, 2009 WL 3824077, *3 (E.D. Cal. Nov.13, 2009) (finding no substantial justification in ALJ's repeated mischaracterization of the medical evidence, improper reliance on the opinion of a non-examining State Agency physician that contradicted the clear weight of the medical record, and improperly discrediting claimant's subjective complaints as inconsistent with the medical record).

The court granted plaintiff's motion for summary judgement and remanded the matter back to the Commissioner for further proceedings, finding that the ALJ erred in rejecting the opinion of plaintiff's treating physician, Dr. Amajdi. ECF No. 22. In rejecting Dr. Amajdi's

opinion, the ALJ made several errors. First, the ALJ inaccurately and vaguely characterized plaintiff's medical care as "conservative." ECF No. 19 at 12-14; *see Regenniter v. Comm'r of Soc. Sec. Admin.*, 166 F.3d 1294, 1297 (9th Cir. 1999) (an "inaccurate characterization" of the evidence cannot serve as substantial evidence to support the ALJ's conclusion). Not only did the ALJ fail to identify any evidence supporting his finding of conservative treatment, but the record did not support that conclusion. Dr. Amajdi's prescribed Flexeril and Valium and made a referral for trigger point injections. As the court explained, such treatment cannot be characterized as conservative in light of plaintiff's impairments, which included fibromyalgia and systemic lupus erythematosus, both uncurable conditions.[2] *Id.*; *see Lapierre-Gutt v. Astrue*, 382 F. App'x 662, 664 (9th Cir. 2010) (a claimant "cannot be discredited for failing to pursue non-conservative treatment options where none exists.").

The ALJ's remaining reason for rejecting Dr. Amajdi's opinion—a purported inconsistency with plaintiff's intermittent non-compliance with treatment—was equally deficient. As the court explained, all the records cited by the ALJ either failed to demonstrate non-compliance with prescribed treatment or had no relation to Dr. Amajdi's treatment of plaintiff. For instance, the ALJ noted plaintiff skipped her yearly treatment for osteoporosis, a condition Dr. Amajdi did not treat and the ALJ found to be non-severe.

Given that the ALJ's findings were vague, contrary to the evidence of record, and that the proper legal standards were not applied, the Commissioner's position was not substantially justified. *See Shafer v. Astrue*, 518 F.3d 1067, 1071 (9th Cir. 2008) ("The government's position must be substantially justified at each state of the proceedings."); *see also Meier v. Colvin*, 727 F.3d 867, 872 (9th Cir. 2013) ("A holding that the agency's decision was unsupported by substantial evidence is a strong indication that the position of the United States was not

---

[2] *See, e.g., Miller v. Colvin*, 2014 WL 1873276, at *2 (C.D. Cal. May 9, 2014); *Ardito v. Astrue*, 2011 WL 2174891, at *4 (C.D. Cal. June 3, 2011) (finding narcotic prescriptions and muscle relaxers to be anything but conservative treatment); *Ponce v. Astrue*, 2011 WL 253970, at *7 (C.D. Cal. Jan. 26, 2012) (finding that treatment with medication and trigger injections were not conservative); *See also Para v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007) (finding that conservative treatment, including use of only over-the-counter medication for pain, supported adverse credibility finding).

substantially justified."); *Thangaraja v. Gonzales*, 428 F.3d 870, 874 (9th Cir. 2005) ("[I]t will be only a 'decidedly unusual case in which there is substantial justification under the EAJA even though the agency's decision was reversed as lacking in reasonable, substantial and probative evidence in the record.'").

II.     Reasonableness of Fee Request

The Commissioner also argues that the number of hours counsel expended in litigating this case was unreasonable. ECF No. 26 at 7-14. The EAJA directs the court to award a reasonable fee. 28 U.S.C. § 2412(d)(2)(A). In determining whether a fee is reasonable, the court considers the hours expended, the reasonable hourly rate and the results obtained. *See Comm'r, INS v. Jean*, 496 U.S. 154 (1990); *Hensley v. Eckerhart*, 461 U.S. 424 (1983); *Atkins v. Apfel*, 154 F.3d 986 (9th Cir. 1998). "[E]xcessive, redundant, or otherwise unnecessary" hours should be excluded from a fee award, and charges that are not properly billable to a client are not properly billable to the government. *Hensley*, 461 U.S. at 434. An award of fees should be properly apportioned to pursuing the stages of the case in which the government lacked substantial justification." *Corbin*, 149 F.3d 1053; *Flores*, 49 F.3d at 566-71.

Here, defendant does not object to the hourly rate being requested but contends that the number of hours expended by plaintiff's counsel was unreasonable. ECF No. 26 at 8-14. First, defendant argues that because plaintiff only prevailed on one of three issues, plaintiff cannot recover EAJA fees for time spent on the two remaining issues. *Id.* at 8. In *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983), the Supreme Court explained that an attorney may not be entitled to an award for work on "distinctly different claims for relief that are based on different facts and legal theories." However, the Court recognized that some cases present a single claim for relief that involves a common core of facts and is based on related legal theories, and that in those cases, "the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation" and "[w]here a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee." *Hensley*, 461 U.S. at 435. "Social Security appeals are akin to a single claim for relief based on one set of facts and involving related legal theories." *Belcher v. Astrue*, 2010 WL 5111435, at *3 (E.D. Cal. Dec. 9,

2010). Therefore, plaintiff's fee award should not be reduced solely because she failed to prevail on every issue.

Next, defendant argues that plaintiff's request should be reduced by 1.9 hours for work performed prior to commencing the civil action. ECF No. 26 at 9. Defendant cites to 28 U.S.C. § 2412(d) and *Melkonyan v. Sullivan*, 501 U.S. 89 (1991), to support the proposition that work performed prior to the filing of the complaint is not compensable under the EAJA. Neither the statute nor *Melkonyan* support defendant's contention.

Section 2412(d) provides that the "court shall award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . . ." 28 U.S.C. § 2412(d)(1)(A). The statute does not, however, limit fees to work performed after the civil action is initiated. *Kuharski v. Colvin*, 2015 WL 1530507, at *4 (E.D. Cal. Apr. 3, 2015). Indeed, courts have found that such work is necessary and compensable. *See, e.g., Tate v. Colvin*, 2013 WL 5773047, at *4 (E.D. Cal. 2013) ("As a practical matter, some work must be performed to initiate the civil suit— a part of which includes reviewing the facts and the law to ensure the lawsuit is not frivolous as well as drafting and filing the necessary documents to commence the action. Such work is wholly separate from the underlying administrative proceedings and is clearly related to the civil action . . . .").

Furthermore, contrary to defendant's contention, *Melkonyan* does not stand for the proposition that "compensation is not permitted for work performed before a suit has been brought in a court." ECF No. 26 at 9 (quotations omitted). In *Melkonyan*, the Supreme Court summarized and explained its prior holding in *Sullivan v. Hudson*, 490 U.S. 877 (1989). It explained that in *Sullivan*, the court found that section 2412(d) permitted an award of fees for work performed at the administrative level "in those cases where the district court retains jurisdiction of the civil action and contemplates entering a final judgment following the completion of administrative proceedings." *Melkonyan*, 501 U.S. at 97. It further noted that in *Sullivan* "[w]e did not say that proceedings on remand to an agency are 'part and parcel' of a civil action in federal district court for all purposes." *Id*. Thus, the section of *Melkonyan* cited by defendant merely observes that administrative proceedings are generally not part of a civil action.

6

The court did not, however, address the issue as to whether work performed in preparation of filing a civil complaint is compensable under the EAJA. Accordingly, *Melkonyan* does not preclude plaintiff from recovering fees for work performed prior to the filing of the complaint.

Defendant also argues that plaintiff impermissibly seeks compensation for unnecessary tasks. ECF No. 26 at 9-10. First, defendant contends that plaintiff improperly seeks 13 hours of compensation for drafting a case summary for plaintiff's motion for summary judgment. *Id.* at 9-10. Counsel's billing records reflect that only 10.4 hours were spent on this task.[3] ECF No. 27 at 7. Furthermore, attorney Gwen Jones did not represent plaintiff at the administrative level and had to become familiar with the case, which included a 689-page administrative transcript containing 369 pages of medical records. Given the size of the record, the court cannot agree with defendant's contention that it was unreasonable for plaintiff's counsel to spend 10.4 hours reviewing the record and summarizing the relevant facts.

Defendant further argues that plaintiff impermissibly seeks 1.2 hours for clerical tasks, including reviewing all notices issued by the court. ECF No. 26 at 10. The U.S. Court of Appeals for the Ninth Circuit has explained that "[i]t simply is not reasonable for a lawyer to bill, at her regular hourly rate, for tasks that a non-attorney employed by her could perform at a much lower cost." *Davis v. City & County of San Francisco*, 976 F.2d 1536, 1543 (9th Cir. 1993). "It is appropriate to distinguish between legal work, in the strict sense, and investigation, clerical work, compilation of facts and statistics and other work which can often be accomplished by non-lawyers but which a lawyer may do because he has no other help available." *Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989). "[C]osts associated with clerical tasks are typically considered overhead expenses reflected in an attorney's hourly billing rate, and are not properly

/////

/////

---

[3] Plaintiff seeks 1.6 hours of compensation for work done by Andrew Koenig in drafting an outline of the opening brief and legal arguments to give proper context and understanding to his associate before she drafted the case summary. Plaintiff also seeks 8.8 hours of compensation for work done by Gwen Jones in summarizing all medical, testimonial, and other relevant facts for the opening brief. ECF No. 27 at 6-7.

7

reimbursable." *Bakeell v. Astrue*, 2013 WL 638892, at * 3 (D. Or. Jan. 9, 2013) (citing *Jenkins*, 491 U.S. at 288 n.10)); *see also Nadarajoh v. Holder*, 569 F.3d 906, 921 (9th Cir. 2009) (reducing hours billed at paralegal rate for the performance of clerical work).

The court has reviewed counsel's billing records and finds that counsel seeks compensation for a total of 1.2 hours spent reviewing and documenting all notices issued by the court. ECF No. 24 at 8-10. The court agrees with plaintiff's contention that it is counsel's responsibility to review all court notices in order to properly litigate a case and meet all deadlines. ECF No. 27 at 7. Furthermore, the 1.2 total hours spent reviewing the various notices and court documents was not unreasonable.

Finally, defendant argues that the number of hours spent drafting plaintiff's opening brief and reply brief was excessive in light of the routine nature of this case. ECF No. 26 at 11-13. Accordingly, he requests that the 27.9 hours in compensation plaintiff seeks for completing these tasks be reduced to 14 hours. *Id.* at 13. "Social security cases are fact-intensive and require a careful application of the law to the testimony and documentary evidence, which must be reviewed and discussed in considerable detail." *Id.*; *see also Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1134 n.1 (9th Cir. 2012) ("[T]he term 'routine' is a bit of a misnomer as social security disability cases are often highly fact-intensive and require careful review of the administrative record, including complex medical evidence."). Here, the opening brief and reply brief submitted by plaintiff's counsel were thorough and evidenced attention to detail. Accordingly, the court finds that the 15.3 hours spent preparing the opening brief and 12.6 hours preparing the reply brief is time that was reasonably and necessarily expended in litigating this case. *See Moreno*, 534 F.3d at 1112 ("By and large, the court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case; after all, he won, and might not have, had he been more of a slacker."); *Hensley*, 461 U.S. at 435 ("Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee.").

/////

/////

III. Payment of Fees to Plaintiff

Lastly, defendant requests that any fee award be made to plaintiff. *Astrue v. Ratliff*, 560 U.S. 586 (2010) requires fees awarded under the EAJA to be paid directly to the litigant. However, courts in this district regularly order payment directly to counsel so long as plaintiff does not have a debt that is subject to offset and the plaintiff assigned her right to EAJA fees to counsel. *See, e.g., Allen v. Colvin*, 2014 WL 6901870 at *3 (E.D. Cal. 2014); *Knyazhina v. Colvin*, 2014 WL 5324302 at *3 (E.D. Cal. 2014); *Louis v. Astrue*, 2012 WL 92884 at *7 (E.D. Cal. 2012); *Burnham v. Astrue*, 2011 WL 6000265 at *2 (E.D. Cal. 2011); and *Calderon v. Astrue*, 2010 WL 4295583 at *8 (E.D. Cal. 2010). Here, plaintiff assigned her right to EAJA fees to her attorney. ECF No. 27-1. Accordingly, should plaintiff not have a debt subject to offset, it is recommended that the award of fees be paid directly to counsel.

IV. Conclusion

Based on the foregoing, the court finds that the plaintiff's counsel reasonably spent 3.4 hours in 2016, at a rate of $192.68, and 37.2 hours in 2017 and 2018, at a rate of $196.79, litigating this case. The court also finds that counsel's associate reasonably spent 8.8 hours litigating this case in 2017, at a rate of $196.79. Furthermore, plaintiff's counsel reasonably spent 3.1 hours reviewing defendant's opposition to the fee motion and preparing a reply brief, at a rate of $200.78 per hour. *See Atkins v. Apfel*, 154 F.3d 986, 989 (9th Cir. 1998) (under the EAJA, reasonable time spent litigating fees is compensable). Plaintiff is also entitled to costs in the amount of $400.00. Accordingly, the court finds that counsel is entitled to $10,729.87 in attorney's fees and costs.

Accordingly, it is hereby RECOMMENDED that:

1. Plaintiff's motion for attorney's fees (ECF No. 24) be granted;

2. Plaintiff be awarded attorney's fees under the EAJA in the amount of $10,329.87, plus $400.00 for costs, for a total award of $10,729.87; and

3. Pursuant to *Astrue v. Ratliff*, 560 U.S. 586 (2010), it is recommended that any payment be made payable to plaintiff and delivered to plaintiff's counsel, unless plaintiff does not owe a federal debt. If the United States Department of the Treasury determines that plaintiff does not

owe a federal debt, it is recommended that the government accept plaintiff's assignment of EAJA fees and pay fees directly to plaintiff's counsel.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 2, 2020.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE