1

2

3

4

5

6

7

8                                  UNITED STATES DISTRICT COURT

9                            FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   DEBBIE OHMAN,                                  No.  2:16-cv-2722-JAM-EFB

12              Plaintiff,

13        v.                                        FINDINGS AND RECOMMENDATIONS

14   ANDREW SAUL, Commissioner of Social
     Security,
15
                Defendant.
16

17

18        Pursuant to 42 U.S.C. § 406(b), counsel for plaintiff in the above-entitled action seeks an

19   award of attorney fees in the amount of $15,521.50, which is 25 percent of past benefits due to

20   plaintiff.[1]  ECF No. 31.  Plaintiff entered into a retainer agreement with his attorney which

21   provides that he would pay counsel 25 percent of any past-due benefits won as a result of the

22   appeal in this case.  ECF No. 31-2 at 1.  Counsel spent 54.7 professional hours on plaintiff's case.

23   ECF No. 31 at 7-11.

24   /////

25   /////

26   _____

          [1] Plaintiff was previously awarded fees under the EAJA in the amount of $10,329.87, plus
27   $400.00 for costs, for a total award of $10,729.87.  *See* ECF Nos. 28 and 33.  Counsel
     acknowledges that any award under section 406(b) would require a refund to plaintiff the sum of
28   $10,729.87 previously awarded under the EAJA.  ECF No. 31 at 5.

                                                    1

42 U.S.C. § 406(b)(1)(A) provides, in relevant part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.

Rather than being paid by the government, fees under the Social Security Act are awarded out of the claimant's disability benefits. *Russell v. Sullivan*, 930 F.2d 1443, 1446 (9th Cir. 1991), *receded from on other grounds*, *Sorenson v. Mink*, 239 F.3d 1140, 1149 (9th Cir. 1991). However, the 25 percent statutory maximum fee is not an automatic entitlement; the court also must ensure that the requested fee is reasonable. *Bisbrecht v. Barnhart*, 535 U.S. 789, 808-09 (2002) ("We hold that § 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those agreements."). "Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id.* at 807. A "court may properly reduce the fee for substandard performance, delay, or benefits that are not in proportion to the time spent on the case." *Crawford v. Astrue*, 586 F.3d 1142, 1151 (9th Cir. 2009) (en banc).

After this court remanded for further proceedings, plaintiff was found disabled and awarded past-due benefits. ECF No. 31-1. The Social Security Administration withheld $15,521.50, which was 25 percent of plaintiff's past due benefits, to pay her attorney. *Id.* Plaintiff's counsel's request for $15,521.50, which is the statutory maximum, would constitute an hourly rate of $278.82. Counsel did not delay these procedures, and his representation of plaintiff was not substandard. Indeed, he successfully represented his client's interests before this court. Based on the risk of loss taken in representing plaintiff, counsel's experience in the field of Social Security law, and the results achieved in this case, the court finds that fee request is reasonable. *See De Vivo v. Berryhill*, No. 1:15-cv-1332-EPG, 2018 WL 4262007 (E.D. Cal. Sept. 6, 2018) (awarding fees at effective hourly range of $1,116.26); *Jamieson v. Astrue*, No. 1:09cv0490 LJO DLB, 2011 WL 587096 (E.D. Cal. Feb. 9, 2011) (finding fee at effective hourly rate of $1,169.49

1   reasonable); *Naddour v. Colvin*, No.: 13-CV-1407-BAS, 2016 WL 4248557 (S.D. Cal. Aug. 11,

2   2016) (awarding fee at effective hourly rate of $1,063); *Kazanjian v. Astrue*, No. 09 civ. 3678

3   (BMC), 2011 WL 2847439, at *1-2 (E.D.N.Y. July 15, 2011) (finding that counsel "performed

4   well, diligently, and with unusual efficiency," and awarding fee at hourly rate of $2,100).

5          Counsel concedes that the fee award pursuant to 42 U.S.C. § 406(b) should be offset by

6   the fee awarded previously granted the Equal Access to Justice Act ("EAJA").  ECF No. 31 at 5.

7   Accordingly, upon receipt of a fee award in the amount $15,521.50, counsel shall refund to

8   plaintiff the sum of $10,729.87 previously granted under the EAJA.  ECF No. 31 at 31; ECF No.

9   33; *see Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) (holding that where attorney's fees are

10  awarded under both EAJA and § 406(b), the attorney must refund the smaller of the two awards

11  to the plaintiff).

12         Accordingly, it is hereby RECOMMENDED that:

13         1.  Plaintiff's counsel's motion for attorney's fees (ECF No. 31) be granted;

14         2.  Plaintiff's counsel be awarded $15,521.50 in fees pursuant to 42 U.S.C. § 406(b); and

15         3.  Upon receipt of the $15,521.50 award, counsel shall refund to plaintiff the sum of

16  $10,729.87 previously awarded under the EAJA.

17         These findings and recommendations are submitted to the United States District Judge

18  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

19  after being served with these findings and recommendations, any party may file written

20  objections with the court and serve a copy on all parties.  Such a document should be captioned

21  "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

22  within the specified time may waive the right to appeal the District Court's order.  *Turner v.*

23  *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

24  DATED:  September 25, 2020.

25

26                                      EDMUND F. BRENNAN
                                        UNITED STATES MAGISTRATE JUDGE

27

28